IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE MIKE MADRID II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0307 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE

Petitioner is presently confined in the Jordan Unit of the Texas Department of Criminal Justice in Gray County, Texas pursuant to two (2) 10-year concurrent sentences imposed April 8, 2010 out of Randall County, Texas for convictions of sexual assault of a child (*State v. Madrid*, No. 19,877-B), and indecency with a child (*State v. Madrid*, No. 21,342-B). Petitions for discretionary review were refused in both of these cases on September 17, 2014. Petitioner sought state habeas corpus relief in both cases, which relief was denied on June 17, 2015. *In re Madrid*, Nos. 81,228-03, -04,

On October 15, 2015, petitioner filed with this Court the instant motion seeking to extend the time in which to file "his writ of an appeal." Petitioner represents he "was informed of the decision of the United States District Court denying him relief without a written order" on December 17, 2015. While petitioner's statement that he was denied relief by the "United States District Court" on December 17, 2015 is erroneous, it appears petitioner is under the impression that the statutory 1-year limitation period for any federal habeas petitions challenging these convictions expires on or before

December 17, 2015, and that he needs an extension of sixty (60) days, or until February 17, 2015 to file "his appeal." Petitioner does not adequately explain the basis for his calculation of the December 17, 2015 deadline.

Petitioner has not, however, presented any authority that would allow this Court to grant a preemptive extension of the statutory 1-year limitation period under the AEDPA, *see* 28 U.S.C. § 2244(d), for filing a federal habeas corpus petition. Further, the extended deadline petitioner requests appears to be within, as opposed to beyond, the pending 1-year limitation period. Even if there were authority allowing this Court to extend the limitation period, petitioner has not set forth or established good cause for an extension. Petitioner's motion for an extension of time is DENIED.

Petitioner has not indicated the grounds he intends to raise in a federal habeas corpus petition, nor has he submitted a skeletal habeas petition accompanied by a motion for leave to amend the petition with additional supporting facts or argument. The Court notes a federal habeas action brought under the AEDPA only begins with the filing of a pleading that seeks affirmative relief on the merits. *See Woodford v. Garceau*, 538 U.S. 202,  207-08, 123 S.Ct. 1398, 1402 (holding that a federal habeas action begins with the filing of an application for habeas corpus relief). *See also Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2002), *cert. denied*, 538 U.S. 947, 123 S.Ct. 144, 142 L.Ed.2d 116 (1998) (holding that the filing of a motion for authorization to file a successive petition is not itself an application for a writ of habeas corpus and does not satisfy the AEDPA's one-year statute of limitation); *Williams v. Cain*, 125 F.3d 269, 273-74 (5th Cir. 1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (holding that the filing of motions for stay of execution, appointment of counsel, and to proceed *in forma pauperis* did not constitute the filing of a petition for federal habeas relief under the AEDPA). Petitioner's motion does not seek an affirmative ruling on the merits of any identifiable claim and thus does not constitute an application or petition for federal habeas corpus relief. As there is no pending petition for federal habeas corpus, this case is subject to

immediate closure.  Petitioner's motion for an extension of time to file a federal habeas petition should be DENIED.

In the interest of justice, if a federal habeas corpus petition, on the form application available from petitioner's institution, is received on or before the objection deadline, the Court will reconsider this Recommendation.  This Court makes no finding as to whether any such petition would be timely and petitioner is on notice that the submission of a federal habeas petition will not guarantee that this Court will reach the merits of the petition.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion for Extension of Time to File filed by petitioner JOE MIKE MADRID II be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____27th____ day of October 2015.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.   A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).